MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 250*—*when laborer is fellow-servant with driver of wagon.* A laborer employed with a gang of men to repair asphalt pavement, *held* to be a fellow-servant with the drivers of the wagons used, where they were all working under the direction of one foreman and such laborer was injured by a collision resulting from the negligence of the drivers of the wagons while being transported to repair streets.

2. MASTER AND SERVANT, § 474*—*when servant riding in dangerous position on wagon guilty of contributory negligence.* Evidence *held* sufficient to warrant the jury in finding a member of an asphalt paving gang guilty of contributory negligence in riding on the outside of a wagon box, where he rode in such position of danger against the instructions of his foreman and without his knowledge and without any necessity or excuse for so riding.

## L. R. Van Allen, Defendant in Error, v. Western Union Telegraph Company, Plaintiff in Error.

### Gen. No. 18,556.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1912.   Reversed and remanded.   Opinion filed June 24, 1914.

### Statement of the Case.

Action by L. R. Van Allen against Western Union Telegraph Company in assumpsit to recover damages for loss of time and expenditures resulting from an error in the transmission of a telegram.   The telegram delivered by plaintiff to defendant for transmission to plaintiff was as follows:

"If any mail or telegram for me there now, please forward to St. Paul, care Frederic Hotel, to arrive before four P. M. July 10th, after that hold."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In the course of transmission the word "Frederic" was changed to "Filday," with the result that plaintiff never received his mail in St. Paul. To reverse a judgment in favor of plaintiff for $58.60, defendant prosecutes a writ of error.

WEST & ECKHART, for plaintiff in error.

BELL & CROSS, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. TELEGRAPHS AND TELEPHONES, § 31*—*liability for failure to transmit messages correctly.* While it is the duty of a telegraph company to transmit the messages correctly as delivered to it, its liability for its failure to do so is the actual damages occasioned by reason of the breach of the contract.

2. TELEGRAPHS AND TELEPHONES, § 36*—*burden of proof.* In an action against a telegraph company for damages resulting from error in the transmission of a telegram, the burden is on the plaintiff to show that he was damaged and what his damages consisted of.

3. TELEGRAPHS AND TELEPHONES, § 37*—*when recovery for error in telegram not sustained by the evidence.* In an action against a telegraph company for loss of time and expenditures resulting to plaintiff from an error in the transmission of a telegram, evidence *held* insufficient to sustain a recovery for loss of time and insufficient to sustain the amount recovered for expenditures, there being no evidence of what plaintiff's daily earnings were and no evidence that the error in the transmission was the cause of different items of expenses.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.